Judge Underwood,
delivered the opinion of the court.
Hanley filed his bill in the Jessamine-circuit court, stating that Lewis and himself became bound in a replevin bond as sureties for Clark to Shrieve for the payment of $1917 48 cents, that Clark becoming insolvent, shortly before the bond became due, Lewis, in order to evade the payment of a just proportion of the debt, fraudulently attempted to remove himself with bis property from the commonwealth,' that *623 With a view to prevent the success of Lew's’ fraudulent scheme, he, Hauly filed a bill in the Mercer circuí., co irr, and caused certain slaves of said Le.vb to be at:ached and placed in the custody of the sheriff of Mercer co inty, to be by him held liable to the furthe - order of the chancellor in that suit; that David /alke-, a son-in-law of Lewis, confederating with \Vlil am Walkerand Joseph Wallace, to defraud him, Manly', had, under pretence of authority from Lewis, confessed ju.lgmcn's in Lew.s’ name, to William Walker and to Joseph Wallace; that execu ions issued on he judgments so confessed, were levied on the slaves attached and would be fraudulently sold fw Lewis’ benefit, as he was not indebted to Walker or Wallace; and thereby, the slaves attached, would be disposed of otherwise,‘han in payment of the half of the replevin bond which had devolved on Lewis by Cladc’s insolvency. Whereupon, Manly praved for and obtained a restraining order, in-joining Walker, Wallace and all others, from selling the slaves in virtue of any execution which might issue on the confessed judgments.
Lewis, the two Walkers and Wallace, all of whom were made defendants, answere 1, deriving the imputed fraud and insisting that Lewis was honestly indebted to Wilham vValker and to Wallace, the amounts respectively, for which j rdgments were confessed. Lewis admits that he and Manly were hound for Clark, as charged, and that Clark was insolvent; but he denies that tie was removing his property, as alleged, for fraudulent purposes; on the contrary, he insists, that he had slaves, other tnan those attached, and lands of considerable value, of which the complainant was apprised at the time of filing his bill.
On hearing, the court decreed that William Walker and Wallace, should be perpetually restrained and in-joined from all further proceedings under their respective judgments at law, against the slaves in the bill mentioned, but that they might proceed against any other estate owned by Lewis; To reverse this decree, Lewis, &c. have appealed.
The decree cannot be sustained. The bill refers to the proceedings in the Mercer circuit court, under which the slaves were held, but they have not been *624 copied, and constitute no part of the record now befor'e us. It does not appear,-what luis been done in the suit pending in the Merc.br circuit. If the attachment or process, in virtue of which, the slaves were held by the sheriff of Mercer, has been quashed, or that suit dismissed, then there is no pretext for proteciing the slaves against the executions of Walker and Wallace.
If on bill filed property be ntfnched and in the custody of-the officer, the subsequent levy of ¡executions upon it, will not uffeet any lipn which has previously accrued in virtue of the attachment.
If the proceedings in Mercer have not been terminated, if the slaves attached were in the custody of ihé law in that county, then executions from Jessamine, could r.ot aflect any lien, which might have previously attached, in virtue of those proceedings. As the executions from Jessamine were directed to the sheriff of Mercer, in whose custody the slaves were, he would certainly know whether it was his duty to hold them subject to the attachment, or any other lien, prior to the executions. The sheriff would be responsible for a violation of his duly. But surely, Hanly had not the shadow of aright, after the half of the replevin bond had been paid, to insist that the slaves should still be exempt from the executions of Walker and Wallace. Now, it may be, that the. slaves attached, would sell for a sum sufficient to pay half the replevin bond due Shrieve, and the debts due Walker and Wallace, likewise. Yet the court has made no orderor decree,subjecting the slaves to the payment of Lewis’ half of the replevin bond, leaving the remainder, if any, for Walker and Wallace, but has tied ihe hands of Walker and Wallace, by a perpetual injunction against the whole of the slaves’! If Shrieve should make his debt out of other property owned by Lewis, or if it should be determined in the suit, in Mercer, that Shrieve or Hanly cannot subject the slaves attached by that proceeding, to the payment of the replevin bond, then the ■appellee has no ground upon which he can possibly ask the chancellor to restrain the executions in favor of Walker and Wallace. The decree in the present case, therefore, without benefiting Hanly in the least, may .work if enforced, a palpable injury to Walker and Wallace. The appellee has not filed the exhibits mentioned in his bill, fíe has made out no grounds in the present case for a decree in his favor, subjecting the slaves 'to the payment of any debt due him. if he wanted the slaves sold to pay the debt due Shrieve, he was a *625 necessary party, but he was not brought before the court. Clark was also a proper party. The admission by Lewis, of Clark’s insolvency might have excused making him a party, so far as Lewis was concerned. If the bill in Mercer has been dismissed, and the debt due Shrieve has been made by execution, levied on the attached slaves, subsequent to the levy of tlie executions in favor of Wallace and Walker, the perpetuation of the injunction in the present suit, may have a serious bearing on their interests, provided, they are bona fide ■creditors.
Crittenden, for appellants.
Without intending to decide upon the future attitude ■of the parties, we think it sufficiently manifest for the reasons assigned, that the decree is erroneous-, but as we cannot tell what effect an examination of all the exhibits now kept out of view might have, when all proper parties are brought before the court, together with new proof which may come, we shall reverse the decree, and 'directa dismissal of the bill, without prejudice upon the •return of the cause to the circuit court.
The appellants must recover their costs.